**THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VANCE DOTSON<br>Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) Case No. CIV-26-436-HE |
| NATIONAL CONSUMER TELECOMMUNICATIONS AND UTILITY EXCHANGE, INC.,<br>Defendants. | ) |

FILED
MAR 09 2026
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY JAC, DEPUTY

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

COMES NOW the Plaintiff Vance Dotson ("Dotson" or "Plaintiff"), an individual consumer, and for his Complaint against Defendants, National Consumer Telecommunications and Utility Exchange, Inc., (collectively referred to as "CRAs"). Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681-1681x et seq.

2. Webster's Third New International Dictionary (3d ed.1986), defines "clearly" as: "(1) in a clear manner (that which is and distinctly conceived

as the truth); (2) of something asserted or observed: without doubt or question." "Accurately" is defined "in an accurate manner." A primary purpose of the statutory scheme provided by the disclosure in § 1681g(a)(1) is to allow consumers to identify inaccurate information in their credit files and correct this information via the grievance procedure established under § 1681i. We conclude that the consumer reporting agency must do more than simply make an accurate disclosure of the information in the consumer's credit file. The disclosure must be made in a manner sufficient to allow the consumer to compare the disclosed information from the credit file against the consumer's personal information in order to allow the consumer to determine the accuracy of the information set forth in her credit file. In writing § 1681g(a)(1), Congress requires disclosure that is both **"clearly and accurately"** made. **An accurate disclosure of unclear information defeats the consumer's ability to review the credit file, eliminating a consumer protection procedure established by Congress under the FCRA.** Gillespie v. Equifax Information Services, L.L.C., 484 F.3d 938 (7th Cir. 2007)

3. To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g;

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiff's note, the disclosure and summary-of-rights requirements are designed to protect consumers interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

5. Venue in this District is proper in that the Defendant regularly conducts business in the State of Oklahoma.

## III. PARTIES

6. Plaintiff Vance Dotson is a natural person residing in Oklahoma, OK.

7. Plaintiff Vance Dotson is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

8. Upon information and belief, National Consumer Telecommunications and Utility Exchange, Inc., is a Texas corporation duly authorized and qualified to do business in the State of Oklahoma.

9. National Consumer Telecommunications and Utility Exchange, Inc., is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

## IV. FACTS OF THE COMPLAINT

10. On or about October 7, 2025 Dotson obtained copies of his consumer credit disclosures from National Consumer Telecommunications and Utility Exchange, Inc., through www.nctue.com.

NCTUE

11. NCTUE was required under 15 U.S.C. § 1681g(a) to provide a complete, clear, and accurate disclosure of all information in Dotson's file, with the same limited exception regarding Social Security number truncation.
12. On or about October 7, 2025 Dotson requested his file from NCTUE in writing through its website.
13. Confirmation Report Number: 5410100610
14. NCTUE's disclosure failed to include key information from Dotson's credit file.
15. The inaccuracies included erroneous data, incomplete account numbers, sub-service type, and missing past due amount.
16. The affected Accounts included: (4) Cox Communication and (3) Verizon Wireless among others.
17. The following trade-line inaccurate, missing, incomplete, errors and omissions were included but were not limited to:

18. Cox Comms-Oklahoma City 0184* full account number missing, Sub-Services Type missing, Past Due Amount missing.
19. Cox Comms-Oklahoma City 0184* full account number missing, Sub-Services Type missing, Past Due Amount missing.
20. Cox Comms-Oklahoma City 0239* full account number missing, Sub-Services Type missing, Past Due Amount missing.
21. Cox Comms-Oklahoma City 0239* full account number missing, Sub-Services Type missing, Past Due Amount missing.
22. Verizon Wireless 62426* full account number missing, Sub-Services Type, Past Due Type missing.
23. Verizon Wireless 52426* full account number missing, Sub-Services Type, Past Due Type missing.
24. Verizon Wireless 72426* full account number missing, Sub-Services Type, Past Due Type missing.
25. The full account number(s), Sub-Services Type and Past Due Type is also information that furnishers are required to provide to NCTUE as a consumer reporting agency and that forms part of Plaintiff's consumer file. Accordingly, this information was required to be disclosed by NCTUE pursuant to 15 U.S.C. § 1681g(a)(1).

26. The full account number(s), Sub-Services Type and Past Due Type was included in prior consumer disclosures and reports, appears in current reports, or was capable of being included in consumer reports prepared and maintained by NCTUE for third parties. This demonstrates that NCTUE possessed or retained this information at the time of Plaintiff's disclosure request.

**SYSTEMIC PREVALENCE OF TRUNCATED ACCOUNT NUMBERS AND MISSING ACCOUNT DATA PREVENTED PLAINTIFF FROM OBTAINING A CLEAR AND ACCURATE DISCLOSURE**

27. Full account numbers(s) are essential to allow consumers to determine whether a reported tradeline actually belongs to them, whether it is associated with a transaction they authorized, and whether the account is the product of error, misattribution, or identity theft.

28. Without access to complete account numbers, consumers, including Plaintiff, are unable to meaningfully verify ownership of reported accounts, reconcile duplicate or fragmented tradelines, or accurately dispute inaccurate or fraudulent information, thereby frustrating the remedial purpose of the Fair Credit Reporting Act and violating 15 U.S.C. § 1681g(a)(1).

29. The Federal Trade Commission has explained that a consumer reporting agency that routinely truncates or scrambles account numbers (or Social

Security numbers) does not comply with Section 609 because such practices fail to provide an "accurate," and potentially not a "clear," disclosure of "all information" in the consumer's file.

30. The FTC further stated that truncation may be permissible only where a consumer expressly requests that certain items be abbreviated or revised. Here, Plaintiff made no such request. Plaintiff requested a full file disclosure and relied on NCTUE to provide all information clearly and accurately, as required by 15 U.S.C. § 1681g(a)(1). NCTUE's unilateral truncation and omission of material account information therefore violated the statute.

31. Without the Sub-Service Type, the Plaintiff cannot understand how the account is being treated internally or communicated to third parties as far "local phone, long-distance, wireless, internet, cable TV, satellite, electric, gas, water, wastewater, and home security".

32. Without the Past Due Type creates the appearance that no payments were made during the months for which no data is shown. This can falsely suggest nonpayment, delinquency, or financial instability even where payments were made or the account was current.

33. These omissions rendered the disclosure inaccurate, unclear, and materially misleading, and prevented Plaintiff from obtaining a complete

and truthful understanding of his consumer file. NCUTE's conduct directly frustrated Plaintiff's statutory right to meaningfully review and dispute inaccurate information, in violation of 15 U.S.C. § 1681g(a)(1).

**ACTUAL DAMAGES**

34. As a result of NCTUE's failure to clearly and accurately disclose all information contained in Plaintiff's consumer file at the time of his request, Plaintiff expended significant time attempting to interpret a materially incomplete and misleading disclosure. The disclosure contained missing, inaccurate, unclear, and incomplete information, as described throughout this Complaint, rendering it effectively unusable for meaningful review.

35. Plaintiff also suffered confusion and frustration because she was unable to understand the information provided or reconcile it with his own records, and he wasted time attempting to interpret a disclosure that was essentially useless due to its numerous omissions.

36. NCTUE's omissions materially hindered Plaintiff's ability to meaningfully review and dispute inaccurate information pursuant to 15 U.S.C. § 1681i.

37. Had NCUTE disclosed all information required by law to which Plaintiff was legally entitled, Plaintiff would have been in a better position to understand the information disclosed, compare the reported data against his own records, identify inaccuracies, and submit more precise disputes

using the additional information that NCTUE failed to clearly and accurately disclose, as alleged throughout this Complaint.

38. Instead, NCTUE's failure deprived Plaintiff of that opportunity, causing concrete informational harm.

39. Defendants provided an electronic copy of Dotson's Consumer Disclosure via www.nctue.com

40. Rather than comply with the FCRA, each Defendant knowingly and intentionally failed to disclose all of the information in Dotson's credit file. These omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

**NCTUE'S ACTIONS WERE WILLFUL**

41. NCTUE's violations of the Fair Credit Reporting Act were willful within the meaning of 15 U.S.C. § 1681n.

42. NCTUE is a consumer reporting agency and is well aware of its obligations under the Fair Credit Reporting Act, including those set forth in 15 U.S.C. § 1681g(a)(1). Willfulness under the FCRA includes reckless conduct, defined as actions that present an unjustifiably high risk of violating the statute that is either known or so obvious that it should be known.

43. There is no objectively reasonable interpretation of 15 U.S.C. § 1681g(a)(1) that permits a consumer reporting agency to withhold or obscure full

account numbers when the consumer has not requested such truncation, or to omit other material data fields such as the Sub-Services Type Past Due Type, while still claiming compliance with the statute's mandate to disclose all information in the consumer's file. NCTUE's conduct therefore falls outside any permissible reading of the FCRA.

44. NCUTE's failure to disclose this basic, required information deprived Plaintiff of the ability to determine whether the accounts were associated with a transaction he had entered into or an account he actually held, assess their validity, evaluate potential fraud or misattribution, and meaningfully dispute the accounts. This conduct reflects more than mere negligence. It demonstrates a reckless disregard for consumers' statutory rights and for NCUTE's clear disclosure obligations.

45. NCTUE routinely, as a matter of practice and procedure, violates 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information contained in consumers' files. Specifically, NCTUE omits or withholds materially important data fields, including but not limited to full account numbers or all associated account identifiers, the Sub-Services Type Past Due Type, despite retaining or having access to such information within its internal systems and databases or having the capability to obtain this information from furnishers.

46. These omissions are not isolated or accidental. They result from NCTUE's templated and systematic disclosure practices, including the use of standardized consumer file formats that suppress or exclude material account-level data while presenting an appearance of compliance.

47. NCTUE maintains, controls, and processes this information internally, yet deliberately elects not to disclose it to consumers in file disclosures, thereby preventing consumers from fully understanding or challenging derogatory information.

48. NCTUE has been sued repeatedly for substantially similar violations and has been informed by courts that information of the type Plaintiff alleges was not clearly and accurately disclosed should be included in consumer disclosures. Rather than remediate these known deficiencies or implement more compliant and clear disclosure practices, NCTUE continues to employ the same methods without meaningful change despite notice from courts and other government guidance. These practices obscure critical information from consumers, impair their ability to dispute inaccuracies, and frustrate the core purpose of 15 U.S.C. § 1681g.

49. This continued conduct, in the face of obvious statutory requirements and repeated litigation, evidences conscious disregard for the FCRA and the protections it affords.

50. NCTUE's disclosure practices create an unjustifiably high risk of statutory violations because they predictably deprive consumers of material information necessary to detect inaccuracies, identify furnishers, and initiate meaningful disputes.

51. That risk is either known to NCTUE or so obvious that NCTUE must be deemed aware of it. Nonetheless, NCTUE has chosen to prioritize operational convenience and systemic efficiencies over compliance with federal law.

52. As a direct and proximate result of NCTUE's willful misconduct, Plaintiff suffered concrete informational injury, including the denial of legally required information, loss of control over personal credit data, frustration of dispute rights, and emotional distress and confusion arising from uncertainty regarding the legitimacy and origin of the reported account. Plaintiff was deprived of the ability to make informed decisions regarding his credit and financial standing, as further described in this Complaint.

53. Within NCTUE unclear and inaccurate disclosure NCTUE does not have what the blanks entries means within its chart so that the Plaintiff can understand why the information is missing on page 5 of 16 Plaintiff is left to guess.

54. Accordingly, NCTUE is liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

55. Because of NCTUE actions or inactions described above in this Complaint on about October 7, 2025, the Plaintiff has been receiving counseling services through BetterHelp, incurring a cost of $65 per week.

## CAUSES OF ACTION

56. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

57. All causes of action were the producing causes of damages, which Dotson suffered.

## FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681g

58. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

59. Defendants violated the FCRA.

60. Defendants' violations include, but are not limited to, the following:

> Defendants violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

61. NCTUE conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs an amount to be determined pursuant to 15 U.S.C. § 1681n.

62. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vance Dotson respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants National Consumer Telecommunications and Utility Exchange, Inc., and for the following:

a. Judgment that Defendants violated the FCRA;
b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;
c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;
d. Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;
e. For such other and further relief as the Court may deem just and proper.

<u>ATTACHED EXHIBIT LIST</u>

A. Mr. Dotson NCTUE Consumer Disclosure, October 07, 2025 Ex 1.
B. FTC Opinion Letter Ex 2.

C. CFPB January 23, 2024 Ex. 3

Respectfully submitted:

Vance Dotson

______________________

Vance Dotson

425 W. Wilshire Blvd Ste., E

Oklahoma City, OK 73116

405-406-7323

vancedotson@yahoo.com

March 9, 2026